IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SELMA HOUSING DEVELOPMENT CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 04-0449-WS-B ) |
| THE SELMA HOUSING AUTHORITY, | ) ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on defendant Selma Housing Authority's Motion for Leave to Exceed Page Limitation (doc. 32). In its Motion, defendant seeks leave to file a 50-page principal brief and a 30-page reply brief in support of its forthcoming Rule 56 motion. As grounds for this request, defendant asserts that the Complaint involves five causes action[1] spanning 12 years, that multiple protracted depositions have been taken, and that more than 10,000 pages of paper discovery have been exchanged.

As counsel are aware, Local Rule 7.1(b) imposes a general cap of 30 pages on principal briefs in support of or in opposition to any motion, and of 15 pages on reply briefs. Those page limitations exist for good reason, namely to compel litigants to distill the essence of their claims and defenses, to winnow out and discard their weaker arguments in favor of their stronger ones, to present their respective positions in a concise manner, and to avoid squandering judicial and litigant resources on wading through unnecessarily grandiloquent and prolix submissions. The Local Rule is intended to promote the interests of both litigants and the Court in efficient administration of justice. It has been the experience of the undersigned that the brief length authorized by LR 7.1(b) is more than sufficient for

---

[1] Review of the Complaint (doc. 1) reflects that plaintiff asserts three due process claims, as well as state-law claims for breach of contract and fraud. Each due process claim appears to relate to a discrete set of facts, including one relating to rent changes, another relating to cancellation of contracts, and a third relating to changes in utility allowance.

the overwhelming majority of even complex civil actions. When counsel exceed those limits, they often pad their briefs with sprawling, unnecessary bulk at the expense of clarity of reasoning and cohesiveness of presentation. An unfortunate consequence of this approach is that such briefs frequently obscure a party's stronger arguments and the central facts of the matter by camouflaging them with lesser contentions or extraneous factual recitations, thereby undermining effective advocacy. Even worse, the resulting "false trails" infect the entire briefing process, as opposing counsel must then devote extensive analysis in their brief to rebutting and refuting superfluous arguments that never should have been made in the first place. The Court must then resolve all of those issues by sifting through an undifferentiated mass of verbiage in an effort to distinguish wheat from chaff. The system functions far more efficiently for all concerned if the movant exercises the necessary discipline in the first instance to submit a tight-knit, focused presentation of facts and legal arguments.[2]

All of that said, only defendant's counsel can reasonably evaluate at this time whether the essential factual and legal issues at stake on summary judgment are so numerous, labyrinthine and variegated as to require 50 pages of briefing in a principal brief. The Court will defer to movant's professional judgment, subject to the important caveat that movant's principal brief must be crafted in conformity with the principles set forth herein and may be stricken to the extent it fails to do so. On that basis, defendant's request for leave to file a principal brief of up to 50 pages is **granted**.

Defendant's request to file a 30-page reply brief is **denied** as premature. Without the benefit of non-movant's opposition brief, the movant cannot possibly assess whether the 15 pages allotted under LR 7.1 will allow for adequate rebuttal.

DONE and ORDERED this 9th day of May, 2005.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE

---

[2]   In that regard, the Supreme Court has "recognized on numerous occasions that the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail ... is the hallmark of effective appellate advocacy." *O'Sullivan v. Boerckel*, 526 U.S. 838, 858, 119 S.Ct. 1728 (1999) (citation omitted). The same principles apply to effective trial advocacy.